## Payne *vs* Payne's Executor.

### ERROR TO THE WARREN CIRCUIT.

### *Notice. Motion.*

JUDGE SIMPSON delivered the opinion of the Court.

MOTION.

*Case* 92.

*June* 14.

THIS was a motion to quash an execution, made by the defendant in the execution. Notice of the motion was given to the plaintiff, but the grounds upon which it was made were not set forth in the notice. When a party in a motion of this kind, intends to rely upon extrinsic matters not apparent upon the record, he is required to give notice to the opposite party. The object of this requisition is to enable the defendant in the motion, by being apprised of the matters relied upon by the plaintiff, to prepare his defence. To obtain this object, a specification in the notice of the grounds upon which the motion is based, is necessary; and the plaintiff, upon the trial, cannot introduce any evidence but that which is appropriate in support of the grounds thus specified.

*Where notice is necessary of an intended motion to quash an execution, the grounds of the motion should be stated; and such notice is necessary in all cases where the facts upon which it is based do not appear on the record.*

The plaintiff in this motion, relies mainly upon the fact, that more than twenty years had elapsed after an execution issued on the judgment, before the issuing of the execution which he moved to quash. It appears that several executions having issued upon the judgment, but a small portion of which was made, and some of the executions having been returned, no property found out of which the balance could be made, a period of more than twenty years was permitted to elapse before another execution was sued out on the judgment. It is well settled, that where an execution has issued on a judgment within a year and a day after its rendition, and the return of the execution shows that it was not satisfied, another execution may issue at any subsequent period, without a *scire facias*. Upon this principle there was no impropriety in suing out the execution in this case, although twenty years had elapsed since the previous one had issued. There was no error, there-

*After executions have issued upon a judgment within the year and day, executions may thereafter issue without scire facias, though 20 years may have elapsed since the last issued.*

PAYNE
*vs*
PAYNE'S EX'R.

fore, on the face of the record, which authorized the execution to be quashed for this cause. And as the notice was defective, nothing could be inquired into, on the trial of the motion, but that which appeared by the record itself; and which could have been relied upon, if no notice had been given.

No grounds for quashal can be relied upon but such as are specified in the notice.

If the defendant in the execution intended to rely upon the presumption of payment from the lapse of time, as this was a presumption that the plaintiff would have had a right to introduce evidence to repel, if it be a matter available in a motion of this kind, he could only rely upon it, by giving notice of his intention to do so, that his adversary might be prepared to meet and repel it. No notice to this effect having been given, the Court below was correct in rejecting testimony on this point as inadmissible.

There were two plaintiffs in the judgment at law, one of whom had died before the last execution issued. His death was suggested in the execution, and this fact was also relied upon as a ground for quashing it. But it is fully settled that where there are two or more plaintiffs or defendants in a personal action, and one or more of them die after judgment, execution may be had for or against the survivors, without a *scire facias*: (2 *Saunders*, 72, note 3, *by Williams, and the cases cited*.) This ground was also properly held untenable and the motion overruled.

Wherefore, the judgment is affirmed.

*Grider & Loving* for plaintiff; *J. & W. L. Harlan* for defendant.